STEPHEN L. CORBITT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Corbitt v. Commissioner
Docket No. 28022-83.
United States Tax Court
T.C. Memo 1984-586; 1984 Tax Ct. Memo LEXIS 88; 49 T.C.M. (CCH) 22; T.C.M. (RIA) 84586; November 5, 1984. Stephen L. Corbitt, pro se. John F. Driscoll, for the respondent. FEATHERSTON MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7456(c) and (d) [1] and Delegation Order No. 8, 81 T.C. XXV (1983) for consideration and ruling on respondent's Motion for Judgment on the Pleadings. After a review of the record, we agree with and adopt her opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: Respondent, in his notice of deficiency dated July 8, 1983, determined deficiencies in petitioner's Federal income tax of $1,945, $2,170, and $5,174 for the taxable years 1979, 1980, and 1981, respectively. Respondent also determined additions *90 to tax for 1980 of $138.41 under section 6654 and additions to tax pursuant to section 6653(b) of $972.50, $1,085, and $2,587, respectively. In the notice of deficiency, respondent determined that petitioner received income which was not reported in the amounts of $13,418.69, $14,333.87, and $23,119.15 during 1979, 1980, and 1981, respectively. Stephen L. Corbitt filed a timely petition in this Court. At the time of filing his petition, petitioner resided in Tampa, Florida. In his answer to the petition, respondent made affirmative allegations as follows: 8(a) Throughout 1979, 1980 and 1981, petitioners worked as a pipefitter. (b) Throughtout 1979, 1980 and 1981, petitioner received as compensation for his labor as a pipefitter, wage income from the companies and in the amounts reflected in explanation of adjustment paragraphs (a)(I), (a)(II) and (a)(III) of the statutory notice of deficiency upon which the present case is based. (c) At all times material to this case, petitioner knew that each of the said amounts constituted wages, compensation or other such remuneration for his performance of labor. (d) Petitioner timely received from the companies noted in *91 subparagraph (b) Forms W-2 for 1979, 1980 and 1981 which reflected wages paid in the same dollar amounts as indicated on respondent's July 8, 1983 statutory notice of deficiency. (e) For all years prior to 1979, petitioner filed federal imcome tax returns with the respondent in which he claimed as income those wages received by him during the appropriate taxable year. (f) The sole Form 1040 or 1040A submitted by the petitioner to the respondent for 1979 claimed no receipt of wage income, had attached no Forms W-2 and was unsigned. (g) The petitioner submitted no Form 1040 or 1040A whatsoever to the respondent for 1980. (h) The sole Form 1040 or 1040A submitted by the petitioner to the respondent for 1981 was filed on May 11, 1982, claimed no receipt of wage income, had attached 6 Forms W-2 marked "incorrect," had attached a document entitled "Affidavit" upon which the petitioner asserted that the Form W-2 wage amounts were not includable on the submitted Form 1040 as income and had attached 6 "Request for Corrected Form W-2, Wage and Tax Statements" which represented copies of documents allegedly sent by the taxpayer to his 1981 employers in an attempt to have such employers *92 change the wage figures on those Forms W-2 they had originally issued to the taxpayer. (i) Prior to 1979, petitioner also worked as a pipefitter. (j) Throughout 1979, 1980, and 1981, petitioner filed Forms W-4, Employees Withholding Allowance Certificates, bearing claims of exempt status with each company for whom he worked. (k) Throughout 1979, 1980, and 1981, the petitioner was a member of the Keystone Society, which organization advocated the position that the receipt of money for labor constitutes an equal exchange of property and therefore not taxable as income. (l) Petitioner knowingly, willfully, fraudulently, and with intent to evade tax, engaged in that activity enumerated in subparagraphs (f), (g), (h), (j), and (k) of this paragraph. (m) The gross income required to be reported on 1979, 1980, and 1981 Federal income tax returns of the petitioner was underreported in the respective amounts of at least $13,418.69, $14,333.87, and $24,119.15, which underreporting was fraudulent and with intent to evade tax. (n) All or a part of the underpayments of the tax required to be shown on Federal income tax returns of the petitioner for the years 1979, 1980, and *93 1981 is due to fraud with the intent to evade tax. * * * 11(a) That the taxpayer's asserted position that wage income is not taxable because it represents an equal exchange of property (labor for money) is frivolous or groundless and is asserted primarily for delay. (b) That, for all taxable years prior to 1979, the petitioner properly reported wage income on valid Federal income tax returns filed with the respondent. (c) That the petitioner's demand for a jury trial is frivolous or groundless and is asserted primarily for delay. (d) That, at the time of the filing of his Petition, the petitioner knew both that wage income is taxable and that there is no right to a jury trial in the Tax Court. Petitioner failed to reply to the affirmative allegations in the answer and respondent thereupon moved for entry of an order that they be deemed admitted pursuant to our Rule 37(c). Despite the direction of this Court that the respondent's motion would be denied if a proper reply was filed, petitioner failed to respond to the facts alleged. Thereafter, the Court ordered that the undenied affirmative allegations of fact set forth in paragraphs 8(a) through (n), and 11(a) *94 through (d) as set forth above are deemed admitted for purposes of this case. We now consider respondent's motion for judgment on the pleadings, [2] which was filed on April 13, 1984. Petitioner responded by filing a motion for summary judgment on May 14, 1984. Petitioner, in his motion for summary judgment, repeats the frivolous contentions found in both his petition and an earlier motion for summary judgment that his wages from services do not represent income to him, and that he is not a person required to file a Federal income tax return. Petitioner also contends that the order that undenied allegations of fact set forth in respondent's answer are deemed admitted is invalid, because it was not signed by a duly appointed Tax Court Judge. Petitioner enclosed a copy of the order dated March 5, 1983, which was stamped "[Signed] Howard A. Dawson, Jr., Chief Judge." Petitioner is advised that copies of orders served on the parties are conformed copies.The original, *95 a part of the Court's record, is signed by hand. There is no question that compensation forservices constitutes an element of gross income. In , the Ninth Circuit affirmed a criminal conviction for failure to file an income tax return and stated that "[c]ompensation for labor or services, paid in the form of wages or salary, has been universally held by the courts of this republic to be income * * *." It characterized as "weird and illogical" those tax protesting groups which have argued to the contrary. See also , affg. a Memorandum Opinion of this Court; . As we stated in , affd. , we will no longer enter into scholarly discourses on contentions which are frivolous. Similarly unworthy of extended discussion is petitioner's argument that he is not a person required to file an income tax return. Sections 6011 and 6012. Petitioner has realized income from his services and *96 is liable for Federal income tax in the amounts shown in the deficiency notice. See ;. Unlike the presumption of correctness which generally attaches to determinations made in the notice of deficiency, ; Rule 142(a), the burden of proving the applicability of the addition to tax for fraud is on respondent. Section 7454(a); Rule 142(b). In order to sustain this burden, respondent must affirmatively show, by clear and convincing evidence, that petitioner underpaid his taxes and that some part of such underpayment resulted from an intentional wrongdoing designed to evade taxes believed to be owing. ; ; . Although respondent need not show the precise amount of the underpayment which resulted from fraud, , affg. a Memorandum *97 Opinion of this Court, it must at last be shown by affirmative evidence that some fraudulent underpayment of tax in fact existed in order for respondent to prevail. . If respondent establishes that petitioners fraudulently underpaid their taxes in any amount, the section 6653(b) addition to tax attaches to the entire deficiency. , affd. . Respondent must make this showing as to each of the three taxable years before the Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. , affd. without published opinion . The burden placed upon the respondent can be satisfied through those facts deemed admitted and conclusively established pursuant to Rule 37(c). See ; . Here, material factual allegations in respondent's reply have been admitted *98 and conclusively established. In our view, those facts set forth above clearly and convincingly establish fraud with intent to evade tax and we rely on them in sustaining respondent's determinations under section 6653(b). We note that in earlier years, petitioner recognized that his wages constituted income to him and he recognized his obligation to report such income on his tax returns. Nevertheless, he submitted as a return in 1979 a form which was unsigned, reported no wage income, and had no Forms W-2 attached to it. Despite knowing that he was required to file a return, petitioner completely failed to do so for 1980 and for the year 1981 he filed a form claiming no wage income. He attached to that form six Forms W-2 received from his employers, which he marked as incorrect, even though in fact the amounts shown thereon correctly represented wage income he received from such employers. He attempted to have his employers change the Forms W-2, despite the fact that the amounts shown thereon were correct. Further, for each of the three years before the Court, petitioner filed with his employers false Forms W-4 (Employee Withholding Statements), in which he claimed an exempt *99 status from Federal withholding. He was not so exempt. Further, petitioner filed claims for refund for the years 1979 and 1981. In each of the three years, petitioner fraudulently failed to report his income from wages. While underreporting,orfailure to report, standing alone, is not an indication of fraud, it does not stand alone here. Petitioner has failed to file returns for any one of the three years reporting the income he indisputably received. He has undertaken a concerted effort, by the filing of false W-4 forms claiming exempt status with his employers, by marking as incorrect W-2 forms, which in fact were correct, and by attempting to have his employers change those correct W-2 forms, fraudulently to evade Federal income taxes for each of the three years in question. Respondent has more than borne his burden of proving the existence of fraud for each of the years in question.The admitted factual allegations suffice to carry respondent's burden of proof herein. ; , affd. without published opinion, . *100 In opposing respondent's motion or in support of his own, petitioner has offered no affidavits or other factual material to refute or explain these admitted facts.See Rule 121. Petitioner was given ample opportunity to reply to the affirmative allegations of respondent's answer. He himself chose not to do so. He could have been heard had he so wished, but he chose to remain silent as to those allegations. Rather, he continued on his relentless course of meritless frivolous contentions. [3] We hold that petitionerhas deficiencies in Federal income taxes for each of the three years before us in the amounts determined by respondent. We also hold that respondent has succeeded in proving fraud for each of the years 1979, 1980, and 1981. We, therefore, hold that petitioner is liable for the *101 additions to tax for fraud pursuant to section 6653(b) as determined in amount by respondent. In addition, we hold petitioner liable for the mandatory additions to tax under section 6654 for failure to pay estimated taxes for 1980 as determined by respondent. Respondent's motion for judgment on the pleadings, as well as respondent's Answer, requested an award of damages to the United States under the provisions of section 6673. Attached to respondent's deficiency notice to petitioner was a sheet of paper citing cases holding that wages are includable in income, and a reference to the fact that arguments to the contrary have been held to be frivolous and groundless. Nevertheless, petitioner chose to file with this Court a petition making such frivolous arguments, to which the respondent was required to file an Answer. Subsequently, petitioner repeated his frivolous argument in a Motion for Summary Judgment, filed January 17, 1984, and summarily denied two days later by this Court. Petitioner then, underterred, filed his second Motion for Summary Judgment and repeated once again in the motion and in his memorandum brief in support of that motion, the same arguments. *102 Under section 6673, whenever it appears to this Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, or where taxpayer's position in such proceeding is frivolous or groundless, damages not in excess of $5,000 shall be awarded to the United States. The petition filed herein is frivolous and groundless. Apart from his frivolous motions for summary judgment, petitioner has done nothing to show that the deficiencies and additions to tax were erroneously determined; he did not respond to the Rule 37(c) motion or file any factual materials in opposition to respondent's motion. See . Time of this Court and the respondent has been expended on this matter which might well have been spent on other matters for other petitioners who have genuine controversies before this Court. We award damages in the amount of $5,000 to the United States. Petitioner's motion for summary judgment is denied. Respondent's motion for judgment on the pleadings, which we have treated as a motion for summary judgment, is granted. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent's motion will be treated as a motion for summary judgment because this Court's order which deemed admitted the undenied affirmative allegations of fact is a matter outside the pleadings. Rule 120(b).↩
3. We deal summarily with petitioner's argument that he is entitled to a trial by jury before the Tax Court. Such is not the case. ; ; , affg. a Memorandum Opinion of this Court.↩